Jesse Beaudette
Brandon R. Shannon
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Defendant Geico General Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| MEGAN JOHNSON and BLAKE JOHNSON, | Cause No. CV-20-00011-DWM |
| Plaintiffs, | Hon. Donald W. Molloy |
| -vs.- | **DEFENDANT GEICO GENERAL INSURANCE COMPANY'S PRELIMINARY PRETRIAL STATEMENT** |
| GEICO GENERAL INSURANCE CO., and JOHN DOES 1-2, | |
| Defendant. | |

---

Defendant submits the following preliminary pretrial statement pursuant to the Court's Order dated February 19, 2020 and L.R. 16.2(b)(1).

A.     **FACTUAL OUTLINE OF THE CASE**

This lawsuit arises out of a motor vehicle accident which occurred on December 13, 2017, in Kalispell, Montana at the intersection of Two Mile Drive and Glenwood Drive.  The intersection is controlled by stop signs on Glenwood.  Benjamin Jackson was driving a 2004 Subaru Forester westbound on Two Mile Drive and intended on making a right hand turn to head northbound on Glenwood.  Megan Johnson was driving a 2013 Audi A4 southbound on Glenwood Drive and was stopped at the intersection intending to pull onto Two Mile Drive.  Mr. Jackson was driving too fast for the slippery conditions and slid into the front driver's side corner of Mrs. Johnson's vehicle.  Mrs. Johnson was approximately 28 weeks pregnant at the time of the accident.

Mrs. Johnson's pre-accident ob/gyn records indicate her pregnancy was complicated by a PTSD/anxiety disorder which resulted from a prior pregnancy in 2010.  Her 2017 pregnancy was complicated by other factors including nausea/vomiting which she was treating with medical marijuana.  She was scheduled for an elective c-section at 36 weeks.  Given the pregnancy risks and Mrs. Johnson's history, she was at high risk for depression and anxiety so counseling was recommended.  Finally, Mrs. Johnson's pre-accident ob/gyn

records indicates she was having severe right arm pain in early December of 2017 and treating with a chiropractor.

Her post-accident, pre-baby ob/gyn records in January 2018 indicate she was feeling faint and had no energy. Her doctor felt she was experiencing orthostatic hypotension due to a gravid uterus. It was recommended she move slower when changing positions. Additional records note her pregnancy was complicated by anxiety, anxiety over anesthesia, a minor MVA, and occasional marijuana use during her pregnancy. These records indicate there were no issues with the baby but they mention neck and back pain complaints by Mrs. Johnson.

The baby was born via the scheduled c-section on February 14, 2018. There were no problems with the delivery or the baby. Mrs. Johnson suffered occipital headaches caused by a dural puncture from the anesthesia related to the delivery. This was repaired with a blood patch and she received some improvement.

Mrs. Johnson has not produced any pre-accident chiropractic records so her pre-existing condition is largely unknown. She began receiving chiropractic treatments and message therapy shortly after the accident but these records have not yet been produced. Mrs. Johnson has produced chiropractic records from May 9, 2018 through December 26, 2019. They indicate problems with her right shoulder, neck, upper back, mid-back, low back, and left hip. Although the

records indicate her condition is improving, her pain levels are normally reported as 3-5/10.

Mrs. Johnson's medical expenses are believed to be just over $10,000.00. She was off work at some point during the pregnancy but it is not know if she stopped working due to the pregnancy, the accident, or a combination of the two. Mrs. Johnson has produced some documentation about her job but it is unclear if she is alleging lost wages due to the accident and, if so, the amount of lost wages. She is also claiming damages for hiring a house cleaner and some meal expenses.

Mr. Jackson was insured by Progressive and it was making advance payments and ultimately settled any claims against him by paying Mrs. Johnson the $25,000 liability limit.  Geico General did not object to the settlement.

Plaintiffs, through counsel, began corresponding with Geico General in December of 2017, initially submitting a claim for Med Pay coverage.  This was denied because Plaintiffs did not have Med Pay coverage on their policy.  In April of 2019, Plaintiffs notified Geico General of a potential UIM claim, provided a spreadsheet listing Mrs. Johnson's medical expenses and those paid by Progressive, and requesting permission to settle with and release Mr. Jackson. Geico General opened a UIM claim and gave permission for Mrs. Johnson to settle with Mr. Jackson and provide him with a release.  Geico General then informed

Plaintiffs their policy provided UIM coverage on 3 vehicles, that the coverage stacked, and the UIM coverage available was $75,000. Geico General was communicating with counsel in its efforts to obtain information and to schedule exams under oath for Mr. and Mrs. Johnson when the lawsuit was filed.

Plaintiffs' Complaint contains two causes of action: (1) breach of contract, and (2) a request for declaratory judgment with regard to advance payments. The Complaint includes allegations which may assert other causes of action, including the following:

- Defendant GEICO has arbitrarily denied paying the policy limits, has arbitrarily failed to make an offer in good faith, based upon documentation provided, failed to provide a reasonable basis for denial or offer made consistent with the evidence, and has failed to effectuate a prompt settlement of Plaintiff's UIM claim. (Compl., ¶ 9.)

- Defendant GEICO's UIM agreement created a duty to make payments upon a reasonable investigation with all available information. (*Id*., ¶ 17.)

- Defendant GEICO's UIM agreement created a duty to affirm or deny coverage of claims within a reasonable time after proof of loss statements has (sic) been completed. (*Id*., ¶ 18.)

- Plaintiff has provided Defendant GEICO with documentation supporting damages, and other proofs of loss, but Defendant GEICO ignored or disregarded that documentation with vague, untenable, and/or unreasonable excuses, breaching its contractual duties, its fiduciary duties, and its duties of good faith and fair dealing with its insured. (*Id*., ¶ 21.)

- Defendant GEICO owed a duty to attempt in good faith to effectuate a prompt, fair, and equitable settlements of Plaintiff' claims where liability is reasonably clear.  (*Id.*, ¶35.)

In recent e-mails, Plaintiffs' counsel indicates he will be filing an Amended Complaint to assert additional causes of action.  It is believed the additional causes of action will include breach of fiduciary duties, breach of the implied covenant of good faith and fair dealing, and/or breach of Montana's Unfair Trade Practices Act.

**B.   THE BASIS FOR FEDERAL JURISDICTION AND VENUE**

Jurisdiction is proper in this Court because Plaintiffs are citizens of Montana while Geico General is incorporated in Maryland with its principal place of business in Chevy Chase, Maryland and the amount in controversy is more than $75,000.00.  Venue is proper in the Missoula Division of this Court because the lawsuit was originally filed in Montana's Eleventh Judicial District Court, Flathead County which is located in the Missoula Division.  L.R. 1.2(c); 28 U.S.C. § 1441(a).

**C.   FACTUAL AND LEGAL THEORY UNDERLYING EACH CLAIM OR DEFENSE**

Geico General has made general denials of the allegations in Plaintiffs' Complaint for breach of contract based on the fact it does not have all information necessary to fully evaluate Plaintiffs' UIM claims.  Geico General has made

general denials of the allegations for declaratory judgment based on the fact it does not have all of Mrs. Johnson's post-accident medical records and does not have her pre-accident chiropractic records which would allow it to make a determination as to causation.

**First Affirmative Defense - Attorney's Fees**

Geico General's First Affirmative Defense is based on Montana law on an award of attorney's fees in a UIM case as set forth in *Mlekush v. Farmers Ins. Exch.*, 404 P.3d 704 (Mont. 2017). A plaintiff is entitled to an award of attorney's fees if compelled to pursue litigation and a jury returns a verdict in excess of the insurer's last settlement offer. *Id.*, ¶ 23. A plaintiff is also entitled to an award of attorney's fees if policy limits are tendered prior to a verdict. In this situation, the court may consider the entirety of the litigation to determine whether, and to what extent, the insured was forced to assume the burden of legal action in order to recover the full benefits of the policy. *Id.* In the case at bar, Plaintiffs are not entitled to their attorney's fees because she was not forced into litigation. Plaintiff has not yet provided Geico General with all of her post-accident chiropractic records, has not provided Geico General with any of her pre-accident chiropractic records, and has provided Geico General with very limited information regarding a potential lost wage claim.

**Second Affirmative Defense - Failure to State of Claim for Dec. Judgment**

Plaintiffs' Complaint asserts two causes of action: (1) breach of contract, and (2) declaratory judgment regarding advance payments. Under Montana law, an insurer has an obligation to advance pay medical expenses when liability for an accident is reasonably clear and liability for the medical expense submitted is also reasonably clear. *Ridley v. Guaranty Nat'l Ins. Co.*, 951 P.2d 987, 992 (Mont. 1997). *Ridley* is a two part test: (1) whether liability is reasonably clear, and (2) whether it is reasonably clear that a medical expense is causally related to the accident. *Teeter v. Mid-Century Ins. Co.*, 406 P.3d 464, ¶ 15 (Mont. 2017). *Teeter* noted that "based on the purpose of the Declaratory Judgments Act and our *Ridley* cases, a *Ridley* declaratory claim is an inappropriate method to adjudicate disputed issues of material fact as to causation." *Id.*, ¶ 18.

In the case at bar, there are issues of fact with regard to causation. Geico General does not have any of Mrs. Johnson's pre-accident chiropractic records to know what her condition was before the accident. Nor does Geico General have all of Mrs. Johnson's post-accident chiropractic records. Plaintiffs' Complaint includes a cause of action for breach of contract, which is the proper cause of action for determining Mrs. Johnson's accident related injuries, medical expenses, lost wages, and damages.

**Third Affirmative Defense - Failure to Mitigate**

Geico General's third affirmative defense is based on the fact there are several large gaps in Mrs. Johnson's treatment in 2019.  It also appears that Mrs. Johnson has not received any treatment for PTSD and/or anxiety even though she may be alleging such conditions were caused by and/or aggravated by the accident at issue.  This affirmative defense was asserted with regard to Mr. Johnson as it does not appear that he has received any treatment for any alleged emotional distress injury.

**Fourth Affirmative Defense - Pre-Existing Conditions**

Geico General's fourth affirmative defense is based on Mrs. Johnson's pre-accident ob/gyn records which state she was having severe right arm pain and was seeing a chiropractor for it.  This affirmative defense is also based on Mrs. Johnson's pre-accident ob/gyn records which state she suffered from PTSD and/or anxiety related to a previous pregnancy.

**Fifth Affirmative Defense - Causation Questions**

Geico General's fifth affirmative defense is based on Mrs. Johnson's pre-accident ob/gyn records which state she was having severe right arm pain and was seeing a chiropractor for it.  This affirmative defense is also based on Mrs. Johnson's pre-accident ob/gyn records which state she suffered from PTSD and/or

anxiety related to a previous pregnancy. This affirmative defense is also based on Plaintiffs' claims for damages for meal expenses for meals ordered from restaurants, for charges related to hiring a housekeeper, and for beauty salon charges while Mrs. Johnson was pregnant.

**Sixth Affirmative Defense - Other Causes of Mrs. Johnson's Condition**

Geico General's sixth affirmative defense is based on Mrs. Johnson's pre-accident ob/gyn records which state she was having severe right arm pain and was seeing a chiropractor for it. This affirmative defense is also based on Mrs. Johnson's pre-accident ob/gyn records which state she suffered from PTSD and/or anxiety related to a previous pregnancy.

**Seventh Affirmative Defense - Collateral Source**

Geico General's seventh affirmative defense has been asserted to preserve its rights under Mont. Code Ann. §§ 27-1-307 and 308 for any amounts paid or payable from a collateral source.

**Eighth Affirmative Defense - Credit for Tortfeasor's Payment**

Geico General's eighth affirmative defense is based on *Augustine v. Simonson*, 940 P.2d 116, 121 (Mont. 1997), which provides that UIM coverage does not commence until the insured's damages exceed the limits of the tortfeasor's liability insurance.

**Ninth Affirmative Defense - Reasonable Basis in Law or Fact**

Geico General's ninth affirmative defense is based on Mont. Code Ann. § 33-18-242(5). Geico General believes it has a reasonable basis in law or fact for contesting Plaintiffs' UIM claim or the amount of the claim based on the limited information provided.

**Tenth Affirmative Defense - Pre-judgment Interest**

Geico General's tenth affirmative defense is based on Mont. Code Ann. §§ 27-1-210 and 211. Mont. Code Ann. § 27-1-211 provides that a person is entitled to interest when the damages are certain or capable of being made certain and the right to recover is vested in that person on a particular day. In this case, Plaintiffs' damages are not certain or capable of being made certain since Mrs. Johnson can collect damages for pain and suffering, emotional distress, and lost course of life. *See* Mont. Code Ann. § 27-1-210(2). In addition, Mrs. Johnson is seeking future damages for which pre-judgment is not permitted. *Id.*

### D.   COMPUTATION OF DAMAGES

Geico General is not seeking damages in this action.

### E.   PENDENCY OR DISPOSITION OF ANY RELATED STATE OR FEDERAL LITIGATION

Geico General is not aware of any related state or federal litigation.

F. **PROPOSED ADDITIONAL STIPULATIONS OF FACT NOT INCLUDED IN THE L.R. 16.2(b)(3) STATEMENT OF STIPULATED FACTS, AND THE PARTIES' UNDERSTANDING AS TO WHAT LAW APPLIES**

Geico General does not propose any additional stipulated facts.

G. **PROPOSED DEADLINE RELATING TO JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS**

As set forth in ¶ 8 of the Joint Discovery Plan, the parties have proposed amendments to the pleadings and joinder of parties be allowed through May 15, 2020.

H. **CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION**

Geico General believes the following issues are suitable for pretrial disposition: (1) whether Plaintiffs' Complaint asserts any causes of action beyond a breach of contract claim and a request for declaratory judgment, (2) whether Plaintiffs can assert a claim for breach of fiduciary duties, (3) whether Plaintiffs can assert a claim for breach of the implied covenant of good faith and fair dealing, (4) whether Geico General has an obligation to make any payments under Medical Payments coverage of its policy issued to Plaintiffs, (5) whether Plaintiffs can assert a cause of action for declaratory judgment based on the facts of this matter, and (6) if it is determined that Plaintiffs' Complaint asserts a cause of action under Montana's Unfair Trade Practices Act, whether Geico General had a

reasonable basis in law or in fact for contesting Plaintiffs' claim or the amount of the claim.

**I.  THE NAME AND CITY AND STATE OF CURRENT RESIDENCE OF EACH INDIVIDUAL KNOWN OR BELIEVED TO HAVE INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES, AND A SUMMARY OF THAT INFORMATION. IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF THE INDIVIDUAL MUST BE PROVIDED TO ALL COUNSEL ON REQUEST**

1. Megan Johnson
Blake Johnson
c/o Bliven Law Firm, P.C.
704 South Main
Kalispell, MT 59901
(406) 755-6828

Mrs. Johnson has knowledge of her pregnancy, treatment related to her pregnancy, the accident at issue, the injuries she sustained in the accident, her recovery from the injuries she sustained in the accident, her employment, and the damages she suffered as a result of the accident. Mrs. Johnson is also expected to have knowledge of her attorney's communications with Geico General Insurance Company with regard to her claim against Mr. Jackson, her claim for Medical Payments benefits, and her claim for UIM benefits.

Mr. Johnson has knowledge of Mrs. Johnson's pregnancy, her treatment related to her pregnancy, her condition following the accident at issue, and his emotional distress as a result of Mrs. Johnson's accident.

2.  Daryl Hastings
    Juan Ramirez
    c/o Bohyer, Erickson, Beaudette & Tranel, P.C.
    283 West Front Street, Suite 201
    Missoula, MT 59802
    (406) 532-7800

Mr. Ramirez has knowledge of Mrs. Johnson's request for Medical Payments benefits under the policy. Ms. Hastings has knowledge of Mrs. Johnson's UIM claim, communications with Plaintiffs' counsel regarding the UIM claim, and the information obtained in support of her UIM claim.

3.  Benjamin Jackson
    126 Lambert Court
    Kalispell, MT 59901

Mr. Jackson is believed to have knowledge of the accident at issue.

4.  Officer Chad Zimmerman
    Kalispell Police Department
    312 1st Avenue East
    Kalispell, MT 59901
    (406) 758-7780

Officer Zimmerman investigated the accident at issue. He is believed to have knowledge of his investigation into the accident. He may also have knowledge of Mrs. Johnson's injuries from the accident.

5.       Juan Martinez-Poyer, M.D.
         Daniel George Kieler, M.D.
         Debra A. Guinn, M.D.
         Montana Perinatal Center
         210 Sunnyview Lane, Suite 103
         Kalispell, MT 59901
         (406) 257-3872

Dr. Martinez-Poyer, Dr. Kieler, and Dr. Guinn are believed to have knowledge of Mrs. Johnson's pregnancy.

6.       Tabby Wolff
         Beargrass Massage Therapy
         322 2nd Avenue West, Suite E
         Kalispell, MT 59901
         (406) 285-8605

Ms. Wolff is believed to have knowledge of massage therapy treatments provided to Mrs. Johnson.

7.       Personnel from Kalispell Fire & Ambulance
         Kalispell Fire & Ambulance
         312 1st Avenue East
         Kalispell, MT 59901
         (406) 758-7759

Individuals from Kalispell Fire & Ambulance are believed to have knowledge of Mrs. Johnson's condition following the accident at issue.

8.  John Lavin, M.D.
    Thomas deHoop, M.D.
    Alisha Pinkerton, PA-C
    Amy Peterson, LNP
    Susan Brenco
    Kalispell OG-GYN
    210 Sunnyview Lane #201
    Kalispell, MT 59901
    (406) 752-5252

These providers are believed to have knowledge of Mrs. Johnson's pregnancy, the delivery of her baby, and her hospitalization following the birth of her baby.

9.  Timothy Ryan, D.C.
    Kendrik Hoffenbacker, CMT
    Rachel Hoyt, CMT
    Ryan Chiropractic Clinic
    690 North Meridian, Suite 214
    Kalispell, MT 59901
    (406) 755-6030

Dr. Ryan is believed to have knowledge of Mrs Johnson's condition before and after the accident at issue. Dr. Ryan is also believed to have knowledge of the treatment he provided to Mrs. Johnson before and after the accident at issue.

Mr. Hoffenbacker and Ms. Hoyt are believed to have knowledge of massage therapy services provided to Mrs. Johnson.

    10.    Jenna Huff, M.D.
              Michael Henson, M.D.
              Justin Buls, M.D.
              Tyler Thorson, M.D.
              Kathleen Nelson, M.D.
              George Allen, D.O.
              Andrew Palmer, M.D.
              Matthew Keller, M.D.
              E. Michael Chester, M.D.
              Gwenda Jones
              Kalispell Regional Medical Center
              310 Sunnyview Lane
              Kalispell, MT 59901
              (406) 752-5111

These providers are believed to have knowledge of Mrs. Johnson's pregnancy, the delivery of her baby, her hospitalization after the delivery of her baby, and the treatment provided to her while in the hospital following the delivery of her baby.

    11.    Michael Bliven
              Aaron Brann
              Bliven Law Firm
              704 South Main
              Kalispell, MT 59901
              (406) 755-6828

Mr. Bliven and Mr. Brann are Plaintiffs' attorneys.  They has knowledge of their communications, via mail, e-mail and phone calls, with Geico General Insurance Company with regard to Megan Johnson's claim for Medical Payments benefits and UIM benefits.

## J.  THE SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT

A copy of the Geico General policy, policy number 4438-31-95-78, issued to Plaintiffs for the policy period from November 7, 2017 to May 7, 2018 is attached to Geico General's Initial Disclosure as Exhibit A.

## K.  STATUS OF SETTLEMENT DISCUSSIONS AND PROSPECT FOR COMPROMISE OF CASE

Plaintiff has previously demanded payment of the UIM limit of $75,000.00. Geico General has previously offered $5,000.00 to settle the UIM claim based on the limited information known.  Geico General believes there is a very good chance this matter will settle once it can obtain the information needed to properly evaluate Plaintiffs' UIM claim.

## L.  SUITABILITY OF SPECIAL PROCEDURES

Geico General does not believe any special procedures are warranted in this matter.

## M.  DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Geico General does not believe there are any issues pertaining to the preservation of electronically stored information.  The parties have agreed to take steps to preserve the integrity of all potentially relevant electronic documents.  The parties have also agreed that any data kept electronically may be produced in its

original form, in .pdf format, on paper, or in any format on which the parties mutually agree is acceptable for the data at issue. If a dispute arises over the integrity of the electronically stored document(s), the party who produced the documents shall produce them in native form.

DATED this 26th day of March, 2020.

       /s/ Jesse Beaudette
Jesse Beaudette
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer, Erickson, Beaudette & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing on the following persons by the following means:

| | |
|---|---|
| __1,2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Michael A. Bliven
   Aaron J. Brann
   Bliven Law Firm, P.C.
   704 South Main
   Kalispell, MT 59901
   **Attorneys for Plaintiffs**


DATED this 26th day of March, 2020.

    /s/ Jesse Beaudette
Jesse Beaudette
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
Attorneys for Defendant