Michael A. Bliven
Aaron J. Brann
BLIVEN LAW FIRM, P.C.
704 South Main
Kalispell, MT 59901
Telephone: (406) 755-7828
Facsimile:  (406) 755-6829
Email:  mike@blivenlawfirm.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| MEGAN JOHNSON and BLAKE JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>GEICO GENERAL INSURANCE CO., and JOHN DOES 1-2,<br><br>    Defendants. | CV 20-00011-DWM<br><br>**PRELIMINARY PRETRIAL STATEMENT** |
|---|---|

Plaintiffs Megan and Blake Johnson submit this Preliminary Pretrial Statement pursuant to L.R. 16.2(b)(1) and the Court's February 19, 2020 *Order* (Doc. 6).

### I.   BRIEF FACTUAL OUTLINE OF THE CASE

This case arises from a car wreck that occurred on or around December 13, 2017 with an at-fault insurance driver insured by Progressive and Plaintiff Megan

Johnson. Progressive tendered its full $25,000 policy limits to Plaintiff Johnson. Prior to settlement with Progressive, Plaintiff sent GEICO a letter asking for permission to settle and proceed with the underinsured motorist claim. GEICO consented. Subsequently, Plaintiff opened an underinsured motorist (UIM) claim with their own insurer, Defendant GEICO General Insurance CO. (GEICO).

Plaintiff Megan submitted multiple proofs of loss as to the nature and severity of the injuries caused by the wreck to GEICO. Defendant GEICO arbitrarily denied paying its policy limits and has arbitrarily failed to make an offer in good faith that reflects consideration of the documentation supplied. GEICO has failed to effectuate a prompt settlement of Plaintiff's UIM claim, instead choosing to make a "lowball" offer, which they stated was based on disagreements about causation. GEICO has requested that Mr. and Mrs. Johnson undergo a "statement under oath" in order to evaluate Plaintiff Megan Johnson's claim. Plaintiffs have agreed to give a statement under oath, but this has not yet been scheduled. Plaintiffs had sought a statement under oath of the GEICO adjuster for handling the claim, explanation of GEICO's position and basis for this request prior to filing the action, and for a response to the Discovery served with the Complaint since filing.

II. **THE BASIS FOR FEDERAL JURISDICTION AND FOR VENUE IN THE DIVISION;**

GEICO removed this case to this Court after litigation commenced in Flathead County's Eleventh District. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332, based on diversity jurisdiction. Venue is proper under L.R. 1.2.(c)(5) and 28 U.S.C. §§ 1391, 1441(a).

### III. THE FACTUAL AND LEGAL BASIS OF EACH CLAIM OR DEFENSE ADVANCED BY THE PARTY;

    **a.** *Breach of Contract*

Plaintiff seeks to recover damages under a breach of contract theory. GEICO's UIM agreement created a duty to its insureds and Plaintiffs to make payments upon a reasonable investigation with all available information. This policy was in effect at the time of the wreck, and Plaintiff suffered injuries and damages in excess of the at-fault driver's insurance policy limits. Under the terms of the insurance contract, GEICO was obligated to pay Plaintiff's damages in excess of the at-fault driver's insurance under the UIM coverage provision of the policy. Plaintiffs requested payment from GEICO under this provision, however, GEICO has refused to make any payments due, or make a reasonable good faith investigation of the claimed losses and proof of loss, or to make offer based upon all information, or even to request relevant information and documentation regarding medical causation in the alternative, and has therefore breached its contract with Plaintiffs and its common law duties and under Mont. Code Ann. § 33-18-201.

### b. *Statutory Bad Faith*

Plaintiffs made a claim with GEICO and requested payment under the UIM portion of the insurance policy. Since the claim was made, GEICO has engaged in delay tactics by requesting irrelevant information, has failed to acknowledge proof of losses or requests for payment, has failed to respond timely or in substance, and has failed to pay the amounts due to its insureds. GEICO has not conducted a good faith investigation into the claimed loss or sought in good faith to verify the claim or seek relevant information and support, but instead asked for statements under oath.

GEICO, as an insurer, is bound by the Montana Unfair Trade Practices Act, Mont. Code Ann. § 33-18-242(8). Certain behavior give rise to an independent cause of action under Mont. Code Ann. § 33-18-201, et seq., including subsections (1), (4), (5), (6), (9), or (13). Plaintiffs allege numerous unfair claim settlement practices:

1) GEICO failed "to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed." Mont. Code Ann. § 33-18-201(5).
2) GEICO neglected "to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." Mont. Code Ann. § 33-18-201(6).

### c. *Common Law Bad Faith*

GEICO failed to treat its insureds, the Plaintiffs, with good faith and fair dealing. GEICO did not act as Plaintiffs' fiduciary and did not consider the Plaintiffs' interests above the interests of GEICO. Since the claim was made, GEICO has engaged in delay tactics by requesting irrelevant information, has failed to acknowledge proof of losses or requests for payment, has failed to respond timely or in substance, and has failed to pay the amounts due to its insureds. GEICO has not conducted a good faith investigation into the claimed loss or sought in good faith to verify the claim or seek relevant information and support, but instead asked for statements under oath.

GEICO's dilatory tactics have compelled Plaintiffs to litigation to seek justice. GEICO's requests for statements under oath do not appear to Plaintiffs to have been in good faith, notably in combination with its other failures to consider all proof of loss, or conduct a complete and fair minded investigation. This delay in Plaintiffs' recovery is a reflection of GEICO's pattern and practice of holding up settlements, even when the proofs of loss provided support damages in excess of its lowball offer and request for statements under oath rather than supporting medical evidence or opinion.

"The implied covenant of good faith and fair dealing requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the

trade." *Story v. City of Bozeman*, 791 P.2d 767, 775 (quoting Mont. Code Ann. § 28-1-211). The tort of bad faith applies in exceptional circumstances and "serves to discourage oppression in contracts which necessarily give one party a superior position."

### d. *Negligent Infliction of Emotional Distress*

GEICO failed to timely or substantively acknowledge Plaintiffs' correspondence and has failed to either pay or process Plaintiff's claim and with courtesy. This pattern of dismissive, irresponsible, and inconsiderate behavior not consistent with fiduciary duties to an insured has caused Plaintiff additional pain, suffering, and emotional distress. Plaintiff even wrote the claims adjuster about these issues, who did not acknowledge her letter or respond. Instead, GEICO has sought statements under oath.

"A cause of action for negligent infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent act or omission." *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411 (1995). It is only for the court to decide whether severe or serious emotional distress could be found from the evidence, and for the jury to decide whether it in fact existed. *Id.* The finder of fact, whether judge or jury, is "best situated to determine whether

and to what extend the defendant's conduct caused emotional distress, by referring to their own experience." *Id.*

The Montana Supreme Court has adopted the Restatement (Second) of Tort's definition of "severe or serious" emotional distress; "Emotional distress . . . includes all highly unpleasant mental reactions . . . It is only where it is extreme that the liability arises . . . The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it. The intensity and duration of the distress are factors to be considered in determining the severity."

GEICO made every effort to diminish the severity of the situation and its damage to Plaintiffs. Mrs. Johnson's physical condition will never be the same. She was struck by an at-fault driver when she was pregnant and reasonably feared for the well-being of her unborn child and underwent stress and trauma. The emotional turmoil and stress of the car wreck let alone GEICO's dismissive attitude towards her damages caused serious emotional distress to both Mr. and Mrs. Johnson.

## IV. A COMPUTATION OF DAMAGES;

Plaintiffs outline their damages as follows:

a. $50,000 on the uninsured claim, credit for the $25,000, $75,000 total damages fort the injury claim to Mrs. Johnson for her injuries.

b. $25,000 to Mrs. Johnson for GEICO's claims handling practices in violation of statutory and common law bad faith.

c.   $25,000 to Mr. Johnson for GEICO's claims handling practices in violation for statutory and common law bad faith.

d.   $25,000 to Mr. Johnson for negligent infliction of emotional distress and loss of consortium.

e.   All attorneys fees and costs accumulated in bringing this action.

## V. THE PENDENCY OR DISPOSITION OF ANY RELATED STATE OR FEDERAL LITIGATION;

There is no related state or federal litigation.

## VI. PROPOSED ADDITIONAL STIPULATIONS OF FACT NOT INCLUDED IN THE STATEMENT OF STIPULATED FACTS

Plaintiff does not propose any additional stipulations of fact not included in the Statement of Stipulated Fact; the parties conferred. This matter is governed by Montana substantive law.

## VII. PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF THE PLEADINGS

In their Fed.R.Civ.P. 26(f) Joint Discovery Plan, the parties identified proposed dates for closing discovery and providing experts.

## VIII. IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION

Considering the issues in this case concern causation, Plaintiffs contemplate there are no controlling issues of law suitable for pretrial disposition.

IX. **THE NAME AND CITY AND STATE OF CURRENT RESIDENCE OF EACH INDIVIDUAL KNOWN OR BELIEVED TO HAVE INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES, AND A SUMMARY OF THAT INFORMATION**

1) Plaintiffs Megan and Blake Johnson, c/o Bliven Law Firm, P.C.

    a. Mr. and Mrs. Johnson are the Plaintiffs in the state cause of action, now removed, and have knowledge regarding the car wreck, injuries, treatment, and other damages Plaintiffs sustained.

2) Ariel Trierweiler
   405 Bills Lane, Apt. A203
   Columbia Falls, MT 59912

    a. Ms. Trierweiler is a friend of Plaintiffs, and has personal knowledge of Mrs. Johnson's post-wreck injuries, her pregnancy and its complications, and its impact on Mrs. Johnson and her family (including Plaintiff Mr. Johnson and their child).

3) Jennifer Turcotte
   723 5th Ave. E, #213
   Kalispell, MT 59901

    a. Ms. Trierweiler is a friend of Plaintiffs, and has personal knowledge of Mrs. Johnson's post-wreck injuries, her pregnancy and its complications, and its impact on Mrs. Johnson and her family (including Plaintiff Mr. Johnson and their child).

4) Andraya Johnson

      4026 Whitefish Stage Road
      Kalispell, MT 59937

    a. Ms. Johnson is Mr. Johnson's mother and has personal knowledge of Mrs. Johnson's post-wreck injuries, her pregnancy and its complications, and its impact on Mrs. Johnson and her family (including Plaintiff Mr. Johnson and their child).

5) Benjamin Jackson
   126 Lambert Court
   Kalispell, MT 59901

    a. Mr. Jackson was the at-fault driver in the car wreck that was the genesis of this litigation. He presumably has knowledge regarding the wreck at issue.

6) GEICO staff, employees, and/or personnel who have worked on the Plaintiffs' claim, c/o Bohyer, Erickson, Beaudette & Tranel, P.C.

7) Officer Chad Zimmerman
   Kalispell Police Department
   312 1st Ave. E.
   Kalispell, MT 59901
   (406) 758-7780

    a. Officer Zimmerman was a responding officer to the wreck involving Plaintiffs and Mr. Jackson. He presumably has knowledge of the wreck, including knowledge related to his investigation.

8) Plaintiffs' treating providers, including physicians, medical staff, and other healthcare professionals at the following entities:

   a. Timothy Ryan, D.C.
      Kendrik Hoffenbacker, CMT
      Rachel Hoyt, CMT
      Ryan Chiropractic Clinic, PLLC
      690 N. Meridian, Ste. 214
      Kalispell, MT 59901
      (406) 755-6030

      - Dr. Ryan and other providers at Ryan Chiropractic Clinic has knowledge of Mrs. Johnson's pre and post wreck condition, including the treatment involved.

   b. Tabby Wolff
      Bear Grass Massage
      322 2nd Ave. W., Suite E
      Kalispell, MT 59901
      (406) 285-8605

      - Mrs. Johnson received massage therapy at Bear Grass Massage. Ms. Wolff is believed to have knowledge relevant to these treatments.

   c. City of Kalispell Fire and Ambulance
      312 1st Ave. E
      Kalispell, MT 59901
      (406) 758-7759

      - First responders have knowledge relevant to Mrs. Johnson's, and potentially her unborn child's, status

      directly following the wreck.

      Earl Chester, MD
- d. The Healthcenter
  320 Sunnyview Lane
  Kalispell, MT 59901
  (406) 752-5111

  - Knowledge related to imaging conducted on Mrs. Johnson's shoulder after the wreck.

- e. John Lavin, M.D.
  Thomas deHoop, M.D.
  Alisha Pinkerton, P A-C
  Amy Peterson, LNP
  Susan Brenco
  Kalispell OB/GYN
  210 Sunnyview Lane, Suite 201
  Kalispell, MT 59901
  (406) 752-5252

  - Knowledge related to Mrs. Johnson's pregnancy, hospitalization, and delivery of her child.

- f. Juan Martinez-Poyer, M.D.
  Daniel George Kieler, M.D.
  Debra A. Guinn, M.D.
  Montana Perinatal Center
  210 Sunnyview Lane, Suite 103
  Kalispell, MT 59901
  (406) 257-3872

  - Knowledge related to Mrs. Johnson's pregnancy.

- g. Jenna Huff, M.D.

        Michael Henson, M.D.
        Justin Buis, M.D.
        Tyler Thorson, M.D.
        Kathleen Nelson, M.D.
        George Allen, D.O.
        Andrew Palmer, M.D.
        Matthew Keller, M.D.
        E. Michael Chester, M.D.
        Gwenda Jonas, M.D.
        Kalispell Regional Medical Center
        310 Sunnyview Lane
        Kalispell, MT 59901

- Knowledge related to Mrs. Johnson's pregnancy, hospitalization, delivery of her baby and complications stemming therefrom, and the treatment of her and her baby.

9) Jesse Beaudette
   Erin Erickson
   Joshua Nichols
   Bohyer, Erickson, Beaudette & Tranel, PC
   283 West Front, Suite 201
   P.O. Box 7729
   Missoula, MT 59807-7729
   (406) 532-7800

   a. Opposing counsel represent GEICO and are presumed to have knowledge of facts and issues relevant to this lawsuit.

X. **THE SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT**

This cause of action concerns an insurance agreement between the Plaintiffs and Defendant GEICO. The following exhibits were attached to Plaintiffs' Initial Disclosures: Attached as **Exhibit A** is a non-certified copy of a policy that GEICO provided. **Exhibit B** is a letter from GEICO representing coverages in lieu of providing the policy, and **Exhibit C** is a declaration page provided by Plaintiffs.

XI. **THE STATUS OF ANY SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE OF THE CASE**

Attempts to negotiate a settlement deteriorated before filing suit. Once opposing counsel was retained, no further negotiations have taken place. Plaintiffs are open to such discussions and a settlement conference with a Magistrate Judge.

XII. **SUITABILITY OF SPECIAL PROCEDURES**

Plaintiffs do not contemplate any special procedures being suitable.

Dated March 26, 2020

    BLIVEN LAW FIRM, P.C.

    /s/ Michael A. Bliven
        Michael A. Bliven
        704 South Main
        Kalispell, MT 59901

    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I , the undersigned, hereby certify that on March 26, 2020, a copy of the foregoing was served upon the following by Mail, E-Mail, Hand-Delivery, Fax, Federal Express, or CM/ECF:

| | |
|---|---|
| Jesse Beaudette | []   U.S. Mail |
| Joshua Nichols | []   E-Mail |
| BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C. | []   Hand-Delivery |
| 283 West Front, Suite 201 | []   Fax |
| P.O. Box 7729 | []   Federal Express |
| Missoula, MT 59807-7729 | [x]  CM/ECF |
| (406) 532-7800 | |
| *Attorneys for GEICO* | |

/s/ Michael A. Bliven