Michael A. Bliven
Aaron J. Brann
BLIVEN LAW FIRM, P.C.
704 South Main
Kalispell, MT 59901
Telephone: (406) 755-7828
Facsimile: (406) 755-6829
Email: mike@blivenlawfirm.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| MEGAN JOHNSON and BLAKE JOHNSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>GEICO GENERAL INSURANCE CO., and JOHN DOES 1-2,<br><br>    Defendants. | CV 20-00011-DWM<br><br>**FIRST AMENDED COMPLAINT, REQUEST FOR DECLARATORY JUDGMENT, AND JURY DEMAND** |

Plaintiffs Megan Johnson and Blake Johnson, through their attorneys at Bliven Law Firm, P.C., states for their complaint as follows:

1.      This complaint arises out of an underinsured motorist claim Megan Johnson filed with Geico General Insurance Company ("GEICO"), her insurance carrier at all times relevant.

2.  Jurisdiction for this cause lies in within the State of Montana, in that the subject matter of this Complaint involves matters that occurred in the State of Montana between citizens of Montana and companies doing business in the State of Montana.

3.  Venue is proper in the above Court in that the events giving rise to this dispute occurred in Flathead County, Montana, in the Missoula Division of the District of Montana.

4.  The underinsured motorist claims originated from a motor vehicle wreck that occurred on or about December 13, 2017 involving Megan Johnson and an at-fault driver insured by Progressive Insurance Company ("Progressive"). Progressive tendered the full $25,000 policy limits to Megan Johnson (who was pregnant at the time of the wreck) in light of her serious injuries and on account of the facts surrounding the wreck, including that its own insured was wholly negligent and at fault for the wreck with Plaintiff having no comparative liability.

## FACTS COMMON TO ALL COUNTS

5.  On or around December 13, 2017 Plaintiff was involved in a motor vehicle wreck with at-fault driver and Progressive insured, Benjamin Jackson. At the time of the wreck, Plaintiff was 28 weeks pregnant. Plaintiff suffered injuries in the wreck which required medical treatment due to the negligent conduct of Progressive's insured.

6. After making advance payments, Progressive tendered its policy limits of $25,000 in exchange for a release after Plaintiff secured approval from GEICO, her insurer, to release Progressive.

7. Plaintiff Megan Johnson filed a claim with GEICO for underinsured motorist coverage ("UIM").

8. Plaintiff provided GEICO with the police report for the crash, medical records, medical bills, and proofs of loss as to the nature and severity of the injuries caused by the wreck of December 13, 2017.

9. Prior to Plaintiff submitting a settlement demand brochure or complete proof of loss, GEICO evaluated the claim and offered Mrs. Johnson only $5,000 to settle the claim. Defendant GEICO has arbitrarily denied evaluating or requesting additional medical evidence, paying the policy limits, has arbitrarily failed to make an offer in good faith, based upon documentation provided, failed to provide a reasonable basis for denial or offer made consistent with the evidence, and has failed to effectuate a fair process for settlement of Plaintiff's UIM claim.

10. Defendant averred GEICO's stated reasons for its minimal evaluation and offer are because Plaintiff's medical bills only include 15 months of Chiropractic care, and that GEICO disputes any of Plaintiff's medical treatment related to her pregnancy was caused, aggravated, or exacerbated by the motor vehicle wreck. However, GEICO did not seek any documents related to the relationship of that

treatment to the wreck, and never sent a request to the treating medical providers or asked for proof of then relationship from Plaintiff or her counsel.

11.     The damages Plaintiff suffered are far in excess of the offer GEICO offered under its policy.

12.     Notwithstanding GEICO's assertions that Plaintiff's medical records do not support a settlement offer higher than the de minimis offer it conveyed, GEICO has instead demanded that both Plaintiffs each undergo a "statement under oath" in order to further evaluate Plaintiff's claim. Again, this was prior to asking Plaintiff for any documentation of any relationship of that treatment or investigation of the relationship, and prior to Plaintiff's submitting any settlement demand brochure.

13.     GEICO's demands for a "statement under oath" do not bear a reasonable relationship to the basis for its denial and GEICO has breached its contract prior to requesting these statements. Plaintiffs are not medical experts, and GEICO's demands appeared more calculated to intimidate Plaintiffs rather than a good faith investigation or verification of the basis for GEICO's denials of Plaintiff Megan Johnson's injuries and damages.

14.     GEICO is attempting undermine established causation without fair and good faith investigation and inquiry into her injuries and damages and is making every effort to deny Plaintiff's claimed damages despite proofs of loss that have already been supplied without engaging in due diligence before denial.

## COUNT I

## BREACH OF CONTRACT

15. Plaintiffs re-allege the allegations set forth in paragraphs 1 through 14.

16. Plaintiff's husband, Blake Johnson, paid valuable consideration for underinsured motorist coverage, and the policy covered the Plaintiff Megan Johnson and family member at the time of the crash.

17. Defendant GEICO's UIM agreement created a duty to make payments upon a reasonable investigation with all available and reasonably ascertainable information.

18. Defendant GEICO's UIM agreement created a duty to affirm or deny coverage of claims within a reasonable time after proof of loss statements has been completed.

19. Defendant GEICO's UIM agreement provides that they will pay all compensatory damages under state law to its injured insured.

20. Plaintiff made repeated requests for Defendant GEICO to make payments to Plaintiff for expenses under the underinsured motorists portion of the policy pursuant to Montana law, including *Shilhanek*, 70 P.3d 721, *Ridley*, 951 P.2d 987; and *Watters*, 3 P.3d 626, and for requesting a copy of the policy.

21. Plaintiff has provided Defendant GEICO with documentation supporting damages, and other proofs of loss, but Defendant GEICO ignored or disregarded that

documentation with vague, untenable, and/or unreasonable excuses, breaching its contractual duties, its fiduciary duties, and its duties of good faith and fair dealing with its insureds and instead of requesting additional supporting medical evidence or proof of loss but instead demanded statements under oath of both Megan Johnson and Blake Johnson.

22. Defendant GEICO failed to make payments to Plaintiff for her economic damages under the UIM policy in a timely fashion, or at all.

23. Defendant GEICO is aware that Plaintiffs', and each of them, injuries and damages exceed the underlying coverage's policy limits.

24. Defendant GEICO consented to Plaintiffs accepting the policy limits of the at-fault driver's Progressive insurance policy.

25. Defendant GEICO has refused to make payment of damages that Plaintiff is legally entitled to collect under the UIM coverage, and had failed to provide the policy as requested despite making demands based upon what it has stated is specific policy language.

26. Defendant GEICO's actions and its refusal to make payment has caused Plaintiff monetary and emotional damages, as she was unable to return to work for a period of time, or engage in usual activities, and she suffered great distress while pregnant at the potential loss of her unborn son.

27. Plaintiff Blake Johnson, Megan Johnson's husband and Edwin Johnson's

father, also suffered emotional distress due to Megan's struggles with pregnancy and other complications and damages from this loss, in addition to GEICO's treatment of him as the policy holder, and through GEICO's treatment of his wife, Plaintiff Megan Johnson, and the emotional distress caused by of potential loss of and risk to his unborn son (Edwin) when Megan was involved in the car wreck.

28.  Plaintiff Blake Johnson's claim on the underlying Progressive policy would be derivative, according to Progressive, and GEICO, therefore he is underinsured as well for purposes of his GEICO claim and the policy.

29.  Plaintiff requests that the Court enter judgment against Defendant GEICO on the above issues and order them to make payment of damages previously submitted to Defendant but not paid to Plaintiff, without condition, release, "offset," self-subrogation, or payment to third parties.

30.  As Montana has adopted the "insurance exception" to the American Rule for the recovery of attorney fees, Plaintiffs are entitled to recover reasonable attorney fees and costs as a result of Defendant GEICOs denial of coverage for UIM benefits, failure to pay reasonable damages, or the limits under the UIM policy, breach of contract, pursuant to *Mountain West Farm Bureau Mutual Insurance Company v. Brewer* (2003), 315 Mont. 231, 69 P.3d 652, and *Riordan v. State Farm Mutual Automobile Insurance Company*, 589 F.3d 999 (9th Cir., 2009).

31.  Plaintiffs each request their attorney fees be awarded against GEICO.

## COUNT II

## REQUEST FOR DECLARATORY JUDGMENT

32.  Plaintiffs re-allege the allegations set forth in paragraphs 1 through 31.

33.  Plaintiff pursuant to Sec. 27-8-201, MCA *et. seq.*, and Rule 57 M.R.Civ.P, brings this action for declaratory judgment.

34.  Plaintiff request this Honorable Court to declare that the Defendants are obligated to make necessary payment of economic damages to the Plaintiff, notably medical expenses and wage loss, pursuant to the Montana Supreme Court's holdings in *Ridley v. Guaranty Nat. Ins Co.*, 286 Mont. 325, 951 P.2d 987 (1997), *Dubray v. Mt. W. Ins. Exch.* 2001 MT 251, 307 Mont. 134, 36 P.3d 897, *Watters v. Guaranty Nat. Ins. Co.*, 2000 MT 150, 3 P.3d 626, and *Shilhanek v. D-2 Trucking, Inc.*, 2003 MT 122, 315 Mont. 519, 70 P.3d 721.

35.  Defendant GEICO owed a duty to attempt in good faith to effectuate a prompt, fair, and equitable settlements of Plaintiffs' claims where liability is reasonably clear.

36.  Plaintiff has made repeated requests for Defendant GEICO to pay all the benefits Plaintiff is entitled to pursuant to Montana Law, including *Ridley* and *Dubray* and Mont. Code Ann. § 33-18-201.

37.  Defendant GEICO has failed to pay timely under Montana law and the above-cited cases. In fact, GEICO refused to make payment after it has clearly been

established that Plaintiff has additional medical expenses and has incurred wage loss and economic damages and other damages in excess of the Progressive policy limits.

38.     Defendant GEICO has only minimally made an offer of any kind, has not advanced payment, and has offered *significantly* less than the full amount required and owed to Plaintiff that she would reasonably expect or her husband would as insureds, and reasonable consumers of insurance, for their losses based upon GEICO's advertising campaigns, and jury verdicts, for her damages.

39.     Defendant GEICO has not submitted a supported reason for its denial, and has offered no evidence to contradict the clear treatment record of Plaintiff's post-wreck injuries which is well documented and supported by her treating providers or to fully and fairly evaluate her claims.

40.     Plaintiff requests that the Court enter judgment against Defendant GEICO on the above issues and order them to make payment of damages previously submitted to Defendant GEICO, but not paid to Plaintiff, without condition or release.

41.     Plaintiff requests that GEICO be required to pay interest on its delayed payments at rates allowed by Montana law.

## COUNT III

## UNFAIR TRADE PRACTICES ACT

42.     Plaintiffs re-allege the allegations set forth in paragraphs 1 through 41.

43.     Defendant GEICO owed a duty to affirm or deny coverage of claims within

a reasonable time after proof of loss statements had been completed pursuant to Mont. Code Ann. § 33-18-201(5).

44. Defendant GEICO violated this duty when it invoked delay tactics, failing to respond to communications from Plaintiff, failing to act on Plaintiffs' claim, and refusing to provide requested policy information. Defendant GEICO further delayed affirming or denying coverage after receiving Plaintiffs' proofs of loss by requesting unnecessary, irrelevant, and superfluous documentation from Plaintiffs beyond reasonable consumer expectations, notably and especially when GEICO demanded both Mr. and Mrs. Johnson undergo examinations under oath.

45. Defendant GEICO owed a duty to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims in which liability has become completely clear pursuant to Mont. Code Ann. § 33-18-201(6).

46. Defendant GEICO violated that duty by choosing to engage in denial and delay tactics by delaying responses to communications from Plaintiffs, failing to act on Plaintiffs' claim, failing to acknowledge, failing to seek supporting documentation that would be relevant, and failing to provide a reasonable explanation of the basis in the insurance policy for the denial of the claim or offer to settle.

47. Defendant GEICO has injured Plaintiffs in its improper actions in that Plaintiffs have been further victimized and suffered distress as a result of GEICO's

actions.

48. Plaintiffs have suffered emotional distress and humiliation, as well as fear of financial hardship and emotional distress, as a result of Defendant GEICO's unfair claim settlement practices, and they are entitled to payment of these additional actual damages pursuant to Mont. Code Ann. §§ 33-18-242(1), (4)  and *Lorang v. Fortis Ins. Co.* 192 P.3d 186.

49. Defendant GEICO's unfair claim settlement practices described herein constitute fraud and/or actual malice, and it should be required to pay exemplary damages pursuant to Mont. Code Ann. § 27-1-221.

## COUNT IV

## COMMON LAW BAD FAITH

50. Plaintiffs re-allege the allegations set forth in paragraphs 1 through 49.

51. GEICO owed Plaintiff, as a first party insured and claimaint, duties of good faith and fair dealing and other fiduciary duties in investigating the claim, providing confirmation of coverage, and throughout the course of GEICO's claims handling.

52. "The implied covenant of good faith and fair dealing requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." *Story v. City of Bozeman*, 791 P.2d 767, 775 (quoting Mont. Code Ann. § 28-1-211).  The tort of bad faith applies in exceptional circumstances and "serves

to discourage oppression in contracts which necessarily give one party a superior position."

53. GEICO failed to treat its insureds, the Plaintiffs, with good faith and fair dealing. GEICO did not act as Plaintiffs' fiduciary and did not consider the Plaintiffs' interests above the interests of GEICO. GEICO's dilatory and yet aggressive tactics have compelled Plaintiffs to litigation to seek justice. This delay in Plaintiffs' recovery is a reflection of GEICO's pattern and practice of holding up settlements, even when the proofs of loss provided clearly support damages in excess of its lowball offer followed by a demand for statements under oath instead of any supporting documentation to address legitimate questions of causation, if any.

## COUNT V

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiffs re-allege the allegations set forth in paragraphs 1 through 53.

55. GEICO negligently inflicted emotional distress on Plaintiffs by failing to timely or substantively acknowledge Plaintiffs' correspondence, failing to pay or process Plaintiffs' claim and its failure to handle the claims with courtesy and to conduct a fair investigation of Plaintiffs' claim before making a minimal offer then demand statements under oath when that offer was rejected by Plaintiffs.

56. GEICO negligently inflicted emotional distress on Plaintiffs when it

exhibited a pattern of dismissive, irresponsible, and inconsiderate behavior not consistent with fiduciary duties to an insured and caused Plaintiffs additional pain, suffering, and emotional distress.

57. "A cause of action for negligent infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of defendant's negligent act or omission." *Sacco v. High Country Independent Press, Inc.*, 271 Mont. 209, 232, 896 P.2d 411 (1995). It is only for the court to decide whether severe or serious emotional distress could be found form the evidence, and for the jury to decide whether it in fact existed. *Id.* at 233. The finder of fact, whether judge or jury, is "best situated to determine whether and to what extent the defendant's conduct caused emotional distress, by referring to their own experience." *Id.* Evidence of physical injury is not necessary to support a claim for emotional distress. *Id.*

58. The Montana Supreme Court has adopted the Restatement (Second) of Tort's definition of "severe or serious" emotional distress: "Emotional distress . . . includes all highly unpleasant mental reactions . . . . It is only where it is extreme that the liability arises . . . The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it. The intensity and duration of the distress are factors to be considered in determining the severity." *Id.* 271 Mont. at 234.

59.  Plaintiffs suffered damages and emotional loss and distress, and GEICO, rather than acting as a fiduciary or in good faith, failed to pay excess damages or make any payment of damages, did not investigate or evaluate the claim in good faith consistent with its fiduciary duties, and sought irrelevant statements under oath rather than medical evidence on medical causation issues, if any, and Plaintiffs are now being compelled to litigation to seek justice and GEICO is liable for negligent infliction of emotional distress.

## COUNT VI

## BREACH OF CONTRACT

**(as to Does 1-2)**

60.  Plaintiffs re-allege the allegations set forth in paragraphs 1 through 59.

61.  Plaintiffs allege alternatively that individuals or entities denoted as Does 1-2 were responsible for the breach of contract which caused damage to Plaintiff. Plaintiff may be uncertain as to the identity of others involved or otherwise responsible as the incident arose from a breached insurance contract involving insurance companies, using corporate entities and shells.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

1. For all general and compensatory damages proved and awarded by the jury or court;

2. For all special damages proved and awarded by the jury or court;

3. For all other damages allowed by law and awarded by the jury;

4. For Plaintiff's attorney fees, notably under *Brewer*;

5. For Plaintiff's costs and disbursements in this action; and

6. For such other and further relief as the Court deems just and equitable under the circumstances.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant GEICO regarding the Request for Declaratory Judgment pursuant as follows:

1. That the Court declares Defendant GEICO responsibility to pay for all economic damages outstanding, including reasonable attorney's fees, which have resulted from its unlawful refusal to pay related economic damages.

2. That the Defendants be required to effectuate a fair, equitable and prompt settlement as to the economic damages set forth herein without condition or release.

3. That the Court award supplemental relief in the form of Plaintiff's reasonable attorney fees and costs as provided under Mont. Code Ann. §§ 27-8-311 and -313, *Renville v. Farmers Ins. Exch.*, 2004 MT 366, *Mlekush v. Farmers Ins.*, 2017 MT 256, *Trustees of Ind. U. v. Buxbaum et al*, 2003 MT 97, *Mt. W. Farm Bureau Mutual Ins. Co. v. Brewer et al.*, 2003 MT 98.; and Mem. *Riordan v. State Farm Mut. Auto. Ins. Co.*, (D. Mont. June 20, 2008) (CV 07-38-DWM-JCL).

4. For such other and further relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

1. Plaintiff hereby demands a jury trial on all claims triable by right.

Dated: May 15, 2020

BLIVEN LAW FIRM P.C.

By:\_\_\_/s/ Michael A. Bliven\_\_\_\_\_
Michael A. Bliven
704 South Main
Kalispell, MT 59901

## CERTIFICATE OF SERVICE

I , the undersigned, hereby certify that on May 15, 2020, a copy of the

foregoing was served upon the following by Mail, E-Mail, Hand-Delivery, Fax, Federal Express, or CM/ECF:

| | |
|---|---|
| Jesse Beaudette | [] U.S. Mail |
| Joshua Nichols | [] E-Mail |
| BOHYER, ERICKSON, BEAUDETTE & | [] Hand-Delivery |
| TRANEL, P.C. | [] Fax |
| 283 West Front, Suite 201 | [] Federal Express |
| P.O. Box 7729 | [x] CM/ECF |
| Missoula, MT 59807-7729 | |
| (406) 532-7800 | |
| *Attorneys for GEICO* | |

/s/ Michael A. Bliven

Attorney for Plaintiff